MORRIS BLOOM, RELATOR, v. VENTNOR CITY, A MUNICIPAL CORPORATION, AND W. HARRY JONES, BUILDING INSPECTOR, RESPONDENT.

Argued October 8, 1925—Decided January 15, 1926—Filed March 2, 1926.

Zoning — Erection of Garage — Municipality Contended That Garage in the Particular Locality Would be Injurious to Health, Safety and General Welfare, and is Not Affected by the Zoning Decisions—Held, That the Ordinance is Unreasonable, That it Prevents the Erection of Garages in the Only Section Where They Would be of Convenience, That Garages Are Not Per Se Detrimental, but in the Present Day Necessary.

On rule to show cause why a peremptory writ of *mandamus* should not be awarded.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Cole & Cole*.

For the respondent, *John S. Westcott* (*Hiram Steelman,* of counsel).

PER CURIAM.

This case is before us upon a rule to show cause why a peremptory writ of *mandamus* should not be awarded requiring the building inspector of Ventnor City to issue a permit to the relator, Morris Bloom, authorizing the erection of a public garage upon lands of the relator. The stipulation under which the case is submitted states that the plans and specifications submitted by the relator comply with the building code of Ventnor City.

The refusal to grant the permit is based upon an ordinance of Ventnor City, passed May 21st, 1917, making it unlawful to erect, construct, build or remodel any building for use as a public garage in Ventnor City, within the district bound on the east by the middle line of Jackson avenue, on the north by the middle line of the Inside Thorofare, on the west by the middle line of Fredericksburg avenue, and on the south by the Atlantic ocean. This territory includes the business section of Ventnor City. Substantially all the land which the ordinance excludes from its provisions is located across a waterway known as Inside Thorofare. This land is remote from the business section. Opposite the land upon which the relator desires to erect the garage there is a gasoline station. Within the block which it is desired to erect the proposed garage is now located a Catholic church, with church buildings, a four-story building used as a public institution for invalids and convalescents, the Jewish Seaside Home for Invalids, buildings for business and residential purposes (semi-fireproof and non-fireproof). A public telephone exchange built of stone is in course of construction upon the block. The nearest point of the church building to the proposed garage of the relator is three hundred feet.

The city contends that this ordinance which prohibits the erection of garages within the limits mentioned is a proper exercise of the police power for the purpose of protecting the life, safety and property of the inhabitants of Ventnor City, and that the authority for its passage is to be found in chapter 152 of the laws of 1917 (at *p.* 357). Article 14, § 2. The city further contends that the zoning decisions have no application to the present case.

We have examined the ordinance upon which the defendant rests its refusal to grant the building permit. It does not, as we view it, regulate the location and building of garages in the interest of the public health, safety or general welfare. It amounts to a prohibition of public garages within the only section of Ventnor City in which public garages would be a convenience to the public. We think the ordinance unreasonable. There is nothing in a garage which makes it *per se* detrimental to public health, safety or welfare. *Reimer* v. *Dallas, 3 N. J. Adv. R.* 1302. Public garages may be said to be a necessity in this day of the growing use of the automobile. The place for their erection is where they will be a convenience for the public.

A peremptory writ of *mandamus* is awarded.