FRANK MYSLIVEC, RELATOR, v. FREDERICK BIGELOW, BUILDING SUPERINTENDENT OF THE CITY OF NEWARK, AND THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, AND THE CITY OF NEWARK, DEFENDANTS.

Submitted May 14, 1926—Decided September 30, 1926.

**Zoning—Garage Enlargement in Restricted Territory—Facts Considered and Held, That Ordinance in This Instance is Unreasonable—Writ Awarded.**

On rule to show cause for *mandamus* in zoning case.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *George R. Sommer.*

For the defendants, *Jerome T. Congleton.*

PER CURIAM.

Relator has now, and since 1918 has had, a public garage, the building 35 x 55, on a lot owned by him 100 x 118, on South Nineteenth street, Newark, between Seventeenth and Eighteenth avenues, about two blocks north of Springfield avenue. He wishes to enlarge his garage to 68 x 105 on

the same lot, and the zoning ordinance stands in the way. The question is whether, applied to the present situation, it is a reasonable exercise of the police power.

We are informed by relator's brief, though the stipulation of facts does not distinctly exhibit this, that every corner of the block in which relator's premises are situate is zoned for business; the part of the block embracing his premises is zoned for residences.

It is worth while to quote the stipulation in full so far as it covers the existing physical situation:

"7. The aforementioned premises, which is designated as being in a residential district under the terms of the aforementioned ordinance, is located two blocks north of Springfield avenue, a well-known business thoroughfare of the city of Newark, and it is also about a block and a half south of Sixteenth avenue, which street is zoned for and entirely devoted to business enterprises of all descriptions. The relator's premises is between Seventeenth and Eighteenth avenues, Newark, New Jersey, both of which streets or avenues are zoned for business purposes. On the corner of Eighteenth avenue and South Nineteenth street there are six stores where various types of business are carried on. On South Nineteenth street, just south of relator's property, and on the opposite side of the street, there is a delicatessen and grocery store. On the opposite side of the street and just north of relator's property there is a large group of private garages, which start from the building line and run back the full depth of the lot. At the corner of Seventeenth avenue and South Nineteenth street, which is also within the business zone, and is about one hundred and fifty feet north of relator's property, there are four stores which are occupied, and in which various businesses are carried on. Just a few doors north of this corner there is an ice and coal depot. At the corner of Sixteenth avenue and South Nineteenth street, a block and a half from relator's property, and within the business zone, there is a public garage. To the rear of relator's property there is another string of private garages used in a public manner."

Respondent seems to rely on *Bloom* v. *Ventnor,* 132 *Atl. Rep.* 243; 4 *N. J. Mis. R.* 174. That case seems to us as an authority in point for the relator. The ordinance as affecting the present application is, in our view, manifestly unreasonable.

A peremptory writ is awarded.